## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **FRANCES D. GERMANY** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | Civil Action No. _____ |
| | § | |
| **HOUSTON INDEPENDENT SCHOOL** | § | |
| **DISTRICT ("HISD")** | § | JURY TRIAL REQUESTED |
| *Defendant,* | | |

---

## PLAINTIFF'S ORIGINAL PETITION

---

**COMES NOW** Frances Germany, Plaintiff, complains of Houston Independent School District ("HISD"), Defendant, and would show the Court and jury the following:

### I.  NATURE OF ACTION

1.    The action is brought to remedy discrimination on the basis of disability in the terms, conditions and privileges of employment, including the right to be reasonably accommodated, protected by Americans with Disabilities Act, As Amended.

### II.  JURISDICTION

2.    This Court has jurisdiction over this case pursuant to 28 U.S.C §§ 1331 (federal question) and 1343 (civil rights).

3.    Venue in this Court is appropriate pursuant to 42 U.S.C § 12117 (a), 42 U. S. C. §2000E-5 (f) (3), and 28 U. S. C. §1391, because the employment practices involved in this dispute occurred in Houston Texas, and thus venue is proper in the Southern District of Texas.

### III.  ADMINISTRATIVE PROCEEDINGS

4.      Ms. Germany has timely and fully complied with prerequisites for administrative exhaustion required for jurisdiction in this Court under Americans with Disabilities Act, as Amended and thus all conditions precedent to this lawsuit within the meaning of 9 (c) of the Fed. R. Civ. Pro. has been performed or have otherwise occurred.

5.      In particular, Ms. Germany filed a charge of discrimination with the Equal Employment Opportunity Commission within 300 days of the action complained of. This lawsuit was timely filed.

### IV.  PARTIES

6.      Plaintiff is an adult resident of Harris County, Texas.

7.      Defendant HISD is a department within a government agency located in Houston, Texas. Defendant conducted business in Harris County at 1200 Congress, Houston, Texas 77002.

### V.  STATEMENT OF CLAIMS

8.      **Employee**. Plaintiff suffered from a "disability" and was regarded, perceived, or actually had a disability as a result of a slip and fall.  Plaintiff is a "qualified person with a disability" as those terms are defined in the Americans with Disabilities Act, as amended (hereinafter "ADAAA").  The ADAAA requires that disability be assessed without regard to mitigating measures.   In the instant matter, Plaintiff was unable to work without restrictions.  Furthermore, her doctor permitted her to return to work; however, she was subject to restrictions based upon her substantial physical limitations.

9.      **Employer**. Defendant is a "covered" "employer" as defined under 42 USC § 12111 (2) and (5) (A) of the ADA.  Defendant is also a "public entity" as defined under 42 USC §

12131 (1) (B) engaged in an industry, which affected commerce, and because it had over the requisite number of employees and administrative employees working for it at all times relevant to this suit.  Defendant took an adverse employment action against Plaintiff when defendant engaged in creating a hostile environment for Plaintiff and ultimately discharged Plaintiff from employment because of Plaintiff's disability.

10.   **Disability**. Plaintiff's disability began as a result of a slip and fall at work.   Plaintiff fell and was injured.  The injury was debilitating.  Plaintiff required the assistance of crutches to move around.  Defendant had Plaintiff sign a "bona fide" in relation to her continued employment with HISD. The "bona fide" included modified duties and restrictions based upon Plaintiff's disability.   The "bona fide" was initially for 30 days and included an optional 30-day extension.  For this reason, Defendant regarded Plaintiff as having such impairment from the time of her slip and fall up until her termination.

11.   Plaintiff was required to utilize crutches in order to maneuver about her workplace. The restriction was employed by her doctor and affirmed through a "bona fide" by Defendant.  Plaintiff was a "disabled person" as that term is defined under the Texas Commission on Human Rights Act, TEX.REV.CIV.STAT.ANN. art. 5221k, hereinafter "the Texas Human Rights Act." Plaintiff is also a "handicapped person" or a "qualified person with a disability" as those terms are defined in §504 of the Rehabilitation Act of 1974, 29 U.S.C. §794 (hereinafter "§504"), and in the Americans with Disabilities Act, 42 U.S.C. §§12102 and 12131 (hereinafter "ADA").

12.   Defendant is a an "employer" as defined in the Texas Commission on Human Rights Act ("TCHRA"), employing more than fifteen "employee(s)," as that term is defined in the TCHRA, during the times relevant to the matters upon which this lawsuit is

based.

13.  Defendant demoted, humiliated, and later discharged Plaintiff from employment because Plaintiff had a reduced workload.  Defendant emailed Plaintiff to inform her of a new job opening after Plaintiff filed a grievance against Defendant.

## VI. FIRST CAUSE OF ACTION – TEXAS COMMISSION ON HUMAN RIGHTS ACT ("TCHRA")

14.  Defendant's actions in discharging Plaintiff constituted discrimination against Plaintiff on the basis of disability, in violation of the Texas Human Rights Act.  As a result, Plaintiff has lost wages and benefits of employment.

## VII. RECOVERY UNDER TCHRA

15.   Plaintiff is entitled to recover declaratory and injunctive relief, including back pay (wages and benefits), reinstatement, and front pay. Plaintiff has also had to employ an attorney to vindicate her rights under the law, and seeks reasonable and necessary attorneys' fees. In addition, Plaintiff seeks to recover prejudgment and post-judgment interest, and costs. All of Plaintiff's claims are within the jurisdictional limits of this Court.

## VIII. SECOND CAUSE OF ACTION – EMPLOYMENT DISCRIMNATION UNDER § 605 of the REHABILITATION ACT OF 1973

16.  The Rehabilitation Act of 1973 as amended covers Defendant. The Rehabilitation Act bars discrimination on the basis of disability or handicap. Defendant's actions in discharging Plaintiff from her employment constituted illegal discrimination in employment against Plaintiff on the basis of disability.

## IX. RECOVERY UNDER EMPLOYMENT DISCRIMNATION UNDER § 605 of the REHABILITATION ACT OF 1973

17.   Plaintiff is entitled to recover declaratory and injunctive relief, including back pay

(wages and benefits) and reinstatement, and front pay as well as compensatory damages. Plaintiff has also had to employ an attorney to vindicate her rights under the law, and seeks reasonable and necessary attorneys' fees. In addition, Plaintiff seeks to recover prejudgment and post-judgment interest, and punitive damages to the extent authorized by law. All of Plaintiff's claims are within the jurisdictional limits of this Court.

## X. THIRD CAUSE OF ACTION – EMPLOYMENT DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT, AS AMENDED ("ADA")

18.    Defendant is a "public entity" under § 12131 of the Americans with Disabilities Act. By discharging Plaintiff from her position, Defendant illegally discriminated against Plaintiff in violation of § 12131 of the Americans with Disabilities Act.

## XI. RECOVERY UNDER THE ADAAA

19.    Plaintiff is entitled to recover declaratory and injunctive relief, including back pay (wages and benefits) and reinstatement, and front pay, as well as compensatory damages. Plaintiff has also had to employ an attorney to vindicate her rights under the law, and seeks reasonable and necessary attorneys' fees. In addition, Plaintiff seeks to recover prejudgment and post-judgment interest, and punitive damages to the extent authorized by law. All of Plaintiff's claims are within the jurisdictional limits of this Court.

## XII. RETALIATION

20.    Defendant retaliated against Plaintiff for engaging in her right to use resources designed to deter unlawful employment actions under both State and Federal law.

21.    Plaintiff hereby adopts by preference each and every paragraph of the facts and allegations stated in this Original Petition as if fully and completely set forth herein.

22.    Texas Labor Code § 21.055. The Texas Labor Code prohibits an employee from being punished for reporting her supervisor.  Furthermore, the laws enforced by EEOC, the

Americans with Disabilities Act, as amended (ADAAA) also protects individuals from coercion, intimidation, threat, harassment, or interference in their exercise of their own rights or their encouragement of someone else's exercise of rights granted by the ADA.

23.   Plaintiff engaged in HISD's grievance process in order to stop the discriminatory conduct of HISD and its agents.  After filing her grievances, Plaintiff was repeatedly berated and derided because of her disability then subsequently for participating in the grievance process. Plaintiff acted within her right to speak out regarding her poor treatment at the hands of an HISD Principal and its staff. Plaintiff is entitled to recover exemplary damages and reasonable attorney's fees per Texas Civil Practice & Remedies Code § 41.003(a).

## XII. JURY DEMAND

24.   Plaintiff demands a jury trial.

## XIII.  PRAYER FOR RELIEF

25.   **WHEREFORE**, Plaintiff requests the Defendant be cited to appear and answer, and that on hearing Plaintiff be awarded (1) back pay, (2) front pay, (3) interest (pre- & post-), (4) attorneys fees, (5) litigation expenses, (6) compensatory damages, (7) punitive damages, (8) liquidated damages, (9) unliquidated damages, (10) court costs, (11) and all other remedies deemed appropriate by law to which she may be entitled.

**Plaintiff, FRANCES GERMANY, requests a trial by jury as to all the above counts.**

[SIGNATURE BLOCK FOLLOWS]

Respectfully submitted,

_____
DaSean A. Jones
State Bar No.: 24078750
1305 Prairie Street, Suite 200
Houston, Texas 77002
Phone: 832-374-1598
Fax: 832-529-2233
djones@texasjoneslaw.com

*Attorney for Frances Germany*